UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN MARTIN,

Plaintiff,

-against-

THE MUNICIPAL HOUSING AUTHORITY
FOR THE CITY OF YONKERS; JOHN DOE;
JANE DOE,

Defendants.

25-CV-8514 (JGLC)

ORDER OF SERVICE

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff, who is appearing *pro se*, asserts claims arising from his application for

affordable senior housing. By order dated October 22, 2025, the Court granted Plaintiff's request

to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## DISCUSSION

**A.      Service on the Municipal Housing Authority for the City of Yonkers**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to assistance

from the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119,

123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and

serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (stating that the court must order the

Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a
summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP
and could not have effected service until the Court reviewed the complaint and ordered that a
summons issue. The Court therefore extends the time to serve until 90 days after the date the
summons issues.

To allow Plaintiff to effect service on Defendant Municipal Housing Authority for the City of Yonkers through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service the paperwork necessary for the Marshals Service to effect service upon this defendant.

If the complaint is not served within 90 days after the date the summons issues, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service). Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## B.    Doe Defendants

Under *Valentin v. Dinkins*, a *pro se* litigant is generally entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, however, Plaintiff does not plead any facts about what Defendants John Doe and Jane Doe allegedly did or failed to do that violated his rights. Plaintiff thus fails to state a claim against John Doe and Jane Doe for violating his rights. *See* Fed. R. Civ. P. 8(a). The Court therefore dismisses Plaintiff's claims against Defendants John Doe and Jane Doe for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal is without prejudice to Plaintiff's repleading his claims against John or Jane Doe in any amended complaint that he is permitted, under Rule 15 of the Federal Rules of Civil Procedure, to file in this action.

## CONCLUSION

The Court dismisses without prejudice Plaintiff's claims against John Doe and Jane Doe. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

3

The Clerk of Court is instructed to issue a summons for Defendant Municipal Housing Authority for the City of Yonkers, complete the USM-285 form with the address for Defendant, and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:    May 19, 2026
          White Plains, New York

_____
JESSICA G. L. CLARKE
United States District Judge

3

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.      Municipal Housing Authority for the City of Yonkers
        1511 Central Park Avenue
        PO Box 35
        Yonkers, NY 10710